OPINION
Defendant-appellant Danny Lorenzo Brown appeals from his conviction and sentence for Kidnapping and Rape. Brown contends that the trial court erred by admitting, over objection, evidence of prior violent acts directed against his victim. We conclude that the trial court did not err in that regard. Accordingly, the judgment of the trial court is Affirmed.
 I
Brown was indicted for Kidnapping and Rape. He had previously had a sexual relationship with his alleged victim, but there was evidence that that relationship had ended almost two years earlier.
Kennia Wilks, the victim, testified that she was walking from the home of a neighbor to a friend's house, sometime between midnight and 2:00 in the morning, when Brown confronted her, knocked her to the ground, and dragged her by her hair to his house. At his house, where his sister and his father were present, Brown forced her to undress, and, on three different occasions before his father got up at about 5:00 in the morning, forced her to have sex with him. She testified that she did not fight Brown, because she knew what the consequences would be. She testified that she did not run, because she knew he would catch her, and she had no clothes on. She testified that she had not intended to call the police, because she was afraid of Brown. The following afternoon, after she had finally left Brown's house, under questioning from Tim Henderson, her children's father, she related what had happened, and Henderson called the police.
Brown testified in his own defense. He claimed that the sexual intercourse between himself and Wilks on the night in question was entirely consensual. Brown's father, Olice June Brown, and his niece, Genale Brown, testified in his defense. Their testimony was somewhat corroborative of the consensual nature of Wilks's relationship with Brown that evening.
Over objection, the State elicited from Wilks testimony concerning previous, multiple acts of violence by Brown against her. These included hitting her in the head with a stick, on more than one occasion, and also with Brown's fist. She testified that on one occasion, after Brown had beat her, she had so much blood on her that Brown filled a bathtub with cold water, and made her get into the cold water. She testified that the police came on that occasion, and she was taken to a hospital, where she had staples put in the back of her head. She further testified that she had a cut above her eye.
Following a jury trial, Brown was convicted as charged, and sentenced accordingly. From his conviction and sentence, Brown appeals.
 II
Brown's sole Assignment of Error is as follows:
 APPELLANT WAS CONVICTED PRIOR TO THE TESTIMONY OF ANY EVIDENCE OF THE CHARGES AGAINST HIM AND HE WAS DENIED HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL AND HIS DUE PROCESS RIGHTS WERE VIOLATED BY THE TRIAL COURT'S FAILURE TO EXCLUDE "OTHER BAD ACTS" EVIDENCE AS REQUIRED BY EVIDENCE RULE 404(B) AND O.R.C. § 2945.59.
R.C. 2945.59 provides as follows:
 In any criminal case in which the Defendant's motive or intent, the absence of mistake or accident on his part, or the Defendant's scheme, plan, or system in doing an act as material, any acts of the Defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the Defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior, or subsequent thereto, not withstanding that such proof show or tend to show the commission of another crime by the defendant.
Evid.R. 404(B) provides as follows:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
Under the circumstances of the case before us, there does not appear to be any meaningful conflict between R.C. 2945.59 and Evid.R. 404(B). If there were, Evid.R. 404(B) would presumably prevail, as a rule of procedure neither abridging, enlarging, or modifying any substantive right. Art. IV, § 5(B), Ohio Constitution.
Brown contends that the trial court erred by admitting evidence of his previous violent acts against Wilks, because this evidence was not admissible to prove his character in order to show that he acted in conformity therewith. The recitation in the rule of other purposes, for which evidence of other bad acts is admissible, is not exclusive. Staff Note Evid.R. 404(B); see, also, State v. Robinson (1993), 90 Ohio App.3d 715, at 729.
In the case before us, the indictment charged that both the Kidnapping and Rape were committed by the use of force, or by the threat of force. The State was required to prove, therefore, that Brown used force, or threatened force, and that the force used, or the threat of force, was efficacious in compelling Wilks's acquiescence in the Kidnapping and Rape. Brown's prior acts of violence against Wilks were material to this proof. In particular, the alleged Rape consisted of three different acts of sexual intercourse, over a period of several hours, in Brown's home. The jury might have a legitimate concern whether the force, or threat of force, employed by Brown was sufficient to compel Wilks's acquiescence, over a period of hours, in three different acts of sexual intercourse. Wilks testified that because of Brown's previous violent conduct toward her, she felt compelled to submit to having sexual intercourse with him. Thus, the evidence of the previous violent acts was offered for a purpose other than establishing that Brown had a violent character, and that he acted in conformity therewith on the night in question.
Brown also argues that, even if the evidence of the violent acts could be deemed admissible under Evid.R. 404(B), this evidence should still have been excluded pursuant to Evid.R. 403(A), which provides as follows:
 Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.
A trial judge's application of Evid.R. 403(A) involves the judge in the exercise of substantial discretion, since the judge is required to weigh the probative value of the evidence against its potential prejudice. State v. Griffith (March 17, 1993), Clark App. Nos. 2725, 2730. Thus, the test is whether the trial court abused its discretion in admitting the evidence.
We conclude that the trial court did not abuse its discretion. Brown denied that he had previously committed violent acts upon Wilks. Wilks was the sole source of the allegations of Brown's prior acts of violence against her. Therefore, the prior acts of violence, like the Rape, came down to Wilks's testimony against Brown's testimony. In that context, we conclude that it is unlikely that the jury would have been unfairly prejudiced against Brown because of the allegations of prior acts of violence. In other words, if the jury were inclined not to credit Wilks's testimony concerning the alleged Kidnapping and Rape beyond a reasonable doubt, it is unlikely that they would have credited her testimony concerning the prior acts of violence. Accordingly, we conclude that the trial court did not abuse its discretion when it determined that the probative value of this evidence outweighed its potential prejudice.
Brown's sole Assignment of Error is overruled.
 III
Brown's sole Assignment of Error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and YOUNG, JJ., concur.